UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEUROSURGICAL ASSOCIATES OF NJ PC,<br><br>Plaintiff,<br><br>-against-<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY,<br><br>Defendant. | Index No.:<br><br>**COMPLAINT** |

Plaintiff, Neurosurgical Associates of NJ PC ("Plaintiff"), by and through its attorneys, Gottlieb and Greenspan, LLC, by way of Complaint against Cigna Health and Life Insurance Company ("Defendant"), alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff is a medical provider with a principal place of business at 1200 East Ridgewood Avenue, Suite 200, Ridgewood, New Jersey 07450-3937.

2. Upon information and belief, Defendant is engaged in providing and/or administering health care plans or policies in the state of New Jersey.

3. Jurisdiction is proper in this Court pursuant to 9 U.S. Code §9.

4. Venue is proper in the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. § 1391, because a substantial part of the events giving rise to this action occurred with the District.

**FACTUAL BACKGROUND**

5. Plaintiff is a medical practitioner who specializes in neurosurgery.

6. June 23, 2022, Plaintiff performed surgical treatment on a 63-year-old male identified as P.F. ("Patient") Valley Hospital, a hospital located in Ridgewood, New Jersey.

7. At the time of his treatment, Patient was the beneficiary of a health plan issued or administrated by Defendant.

8. After treating Patient, Plaintiff submitted a Health Insurance Claim Form ("HCFA") medical bill to Defendant seeking payment in the amount of $35,200.00 for an insertion of a spine fixation device, billed under Current Procedural Terminology ("CPT") code 22842, as assistant surgeon.

9. In response to Plaintiff's HCFA, Defendant issued payment for CPT code 22842 in the amount of $121.05.

10. As an out-of-network provider, Plaintiff does not have a network contract with Defendant that would determine or limit payment for Plaintiff's services to Defendant's beneficiaries.

11. However, since the services were rendered emergently/inadvertently, the payment process for Plaintiff's services is governed by the Federal No Surprises Act ("the Act").

12. Pursuant to the Act, an out-of-network provider reserves the right to dispute a health plan's reimbursement for qualifying out-of-network services and initiate a 30-day negotiation period.

13. Plaintiff disputed Defendant's payment and initiated the negotiation period called for by the Act.

14. Pursuant to the Act, if the payment dispute between the provider and carrier is not resolved during the negotiation period, the provider has the right to initiate arbitration under which the proper reimbursement amount is determined by a neutral arbitrator. Plaintiff initiated such an arbitration as called for by the Act (Arbitration Dispute #393468).

15. On August 14, 2023, the arbitrator ruled in Plaintiff's favor, awarding Plaintiff a total of $26,400.00, amounting to an additional $26,278.95. (*See*, **Exhibit A**, attached hereto.)

16. Pursuant to the Act, if it is determined in arbitration that an additional amount remains due, the carrier has 30 days from the date of the arbitration award to issue the additional payment.

17. In this case, the additional payment was due on September 13, 2023. However, Defendant failed to issue the additional payment amount awarded in arbitration.

18. As of the date of this Complaint, over 300 days have elapsed since Defendant's deadline to submit the award payment to Plaintiff.

19. In regard to the same surgery, Plaintiff submitted a HCFA medical bill to Defendant seeking payment in the amount of $24,470.00 for a spinal cord laminectomy, billed under Current Procedural Terminology ("CPT") code 63003, as assistant surgeon.

20. In response to Plaintiff's HCFA, Defendant issued payment for CPT code 63003 in the amount of $103.27.

21. As an out-of-network provider, Plaintiff does not have a network contract with Defendant that would determine or limit payment for Plaintiff's services to Defendant's beneficiaries.

22. However, since the services were rendered emergently/inadvertently, the payment process for Plaintiff's services is governed by the Act.

23. Pursuant to the Act, an out-of-network provider reserves the right to dispute a health plan's reimbursement for qualifying out-of-network services and initiate a 30-day negotiation period.

24. Plaintiff disputed Defendant's payment and initiated the negotiation period called for by the Act.

25. Pursuant to the Act, if the payment dispute between the provider and carrier is not resolved during the negotiation period, the provider has the right to initiate arbitration under which the proper reimbursement amount is determined by a neutral arbitrator. Plaintiff initiated such an arbitration as called for by the Act (Arbitration Dispute #393467).

26. On August 14, 2023, the arbitrator ruled in Plaintiff's favor, awarding Plaintiff a total of $18,352.50, amounting to an additional $18,249.23. (*See*, **Exhibit B**, attached hereto.)

27. Pursuant to the Act, if it is determined in arbitration that an additional amount remains due, the carrier has 30 days from the date of the arbitration award to issue the additional payment.

28. In this case, the additional payment was due on September 13, 2023. However, Defendant failed to issue the additional payment amount awarded in arbitration.

29. As of the date of this Complaint, over 300 days have elapsed since Defendant's deadline to submit the award payment to Plaintiff.

30. As a result, Plaintiff has been damaged in the total amount of $44,528.18 in regard to these two procedures and continues to suffer damages in the operation of his medical practice.

## COUNT ONE

**PLAINTIFF SEEKS RELIEF IN ACCORDANCE WITH 9 U.S. CODE § 9 REGARDING CPT CODE 22842**

31. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 30 of the Complaint as though fully set forth herein.

32. Under 9 U.S. CODE § 9, if the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made, any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order.

33. In this case, while the parties do not have an agreement that a judgment of the court shall be entered upon the arbitration award at issue, the arbitration award was issued pursuant to the Federal No Surprises Act.

34. Indeed, this District has held that Federal courts have authority to confirm arbitration awards issued pursuant to the NSA under 9 U.S.C. § 9. *See, e.g.*, *GPS of New Jersey M.D., P.C. v. Horizon Blue Cross & Blue Shield*, No. CV226614KMJBC, 2023 WL 5815821 (D.N.J. Sept. 8, 2023) (granting Horizon Blue Cross & Blue Shield's cross-motion to confirm an NSA entity award under 9 U.S.C. § 9 because the language of the NSA indicates the NSA award is "final and binding" and, by invoking Section 10(a) of the Federal Arbitration Act, the NSA "gives the court the authority to confirm the award").

35. It is against equity and good conscience to deprive Plaintiff of a remedy to enforce an arbitration award issued in accordance with federal law.

36. Accordingly, Plaintiff brings this action for an Order confirming the applicable arbitration award issued on August 14, 2023.

## COUNT TWO

**VIOLATION OF THE FEDERAL NO SURPRISES ACT REGARDING CPT CODE 22842**

37. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 36 of the Complaint as if fully set forth herein.

38. Under the federal No Surprises Act, a party is permitted to initiate the federal arbitration process called for by the Act if the parties are unable to agree on a payment rate during the Act's negotiation period.

39. In the instant case, the parties were unable to agree on the out-of-network rate for the services provided, and the parties therefore proceeded to arbitration as called for by the No Surprises Act under Arbitration Dispute #393468.

40. On August 14, 2023, C2C Innovative Solutions, Inc. issued an arbitration award in Plaintiff's favor, awarding Plaintiff a total of $26,400.00 for the medical services rendered, which amounts to an additional $26,278.95.

41. According to the No Surprises Act, Defendant had until September 13, 2023 to remit the arbitration payment to Plaintiff.

42. As of the date of the filing of this Complaint, Defendant has failed to remit the arbitration payment to Plaintiff.

43. As such, Defendant has failed to comply with the requirements of the No Surprises Act.

### COUNT THREE

**PLAINTIFF SEEKS RELIEF IN ACCORDANCE WITH 9 U.S. CODE § 9 REGARDING CPT CODE 63003**

44. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 43 of the Complaint as though fully set forth herein.

45. Under 9 U.S. CODE § 9, if the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made, any party to the

arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order.

46. In this case, while the parties do not have an agreement that a judgment of the court shall be entered upon the arbitration award at issue, the arbitration award was issued pursuant to the Federal No Surprises Act.

47. Indeed, this District has held that Federal courts have authority to confirm arbitration awards issued pursuant to the NSA under 9 U.S.C. § 9. *See, e.g.*, *GPS of New Jersey M.D., P.C. v. Horizon Blue Cross & Blue Shield*, No. CV226614KMJBC, 2023 WL 5815821 (D.N.J. Sept. 8, 2023) (granting Horizon Blue Cross & Blue Shield's cross-motion to confirm an NSA entity award under 9 U.S.C. § 9 because the language of the NSA indicates the NSA award is "final and binding" and, by invoking Section 10(a) of the Federal Arbitration Act, the NSA "gives the court the authority to confirm the award").

48. It is against equity and good conscience to deprive Plaintiff of a remedy to enforce an arbitration award issued in accordance with federal law.

49. Accordingly, Plaintiff brings this action for an Order confirming the applicable arbitration award issued on August 14, 2023.

## COUNT FOUR

**VIOLATION OF THE FEDERAL NO SURPRISES ACT REGARDING CPT CODE 63003**

50. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 49 of the Complaint as if fully set forth herein.

51. Under the federal No Surprises Act, a party is permitted to initiate the federal arbitration process called for by the Act if the parties are unable to agree on a payment rate during the Act's negotiation period.

52. In the instant case, the parties were unable to agree on the out-of-network rate for the services provided, and the parties therefore proceeded to arbitration as called for by the No Surprises Act under Arbitration Dispute #393467.

53. On August 14, 2023, C2C Innovative Solutions, Inc. issued an arbitration award in Plaintiff's favor, awarding Plaintiff a total of $18,352.50 for the medical services rendered, which amounts to an additional $18,249.23.

54. According to the No Surprises Act, Defendant had until September 13, 2023 to remit the arbitration payment to Plaintiff.

55. As of the date of the filing of this Complaint, Defendant has failed to remit the arbitration payment to Plaintiff.

56. As such, Defendant has failed to comply with the requirements of the No Surprises Act.

## CLAIM FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

A. For an Order confirming the arbitration award, Dispute #393468, dated August 14, 2023.

B. For an Order confirming the arbitration award, Dispute #393467, dated August 14, 2023.

C. For an Order directing Defendant to pay Plaintiff $44,528.18.

D. For attorney's fees, interest, and costs of suit; and

E. For such other and further relief as the Court may deem just and equitable.

Dated: Oakland, New Jersey
       August 14, 2024

                                          GOTTLIEB AND GREENSPAN, LLC
                                          *Attorneys for Plaintiff*

                            By:   <u>/s/ Joseph G. Devine, Jr.</u>
                                          Joseph G. Devine, Jr.
                                          169 Ramapo Valley Road, Suite ML3
                                          Oakland, New Jersey 07436
                                          (201) 644-0894